■ In the Matter of the Claim of ANNA GRENNELL, Respondent, v. DRIVEWAY PAVING Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Deceased employee worked as a grader machine operator in road construction. The employer's place of business was about six miles from the site at which the decedent had been working with the grader. Near the place of business the employer owned a garage for which the decedent had carried a key for some three or four years. Oil for the grader and tools for its service were kept in the garage. Decedent had the key for access to the garage to obtain oil and use of tools for the grader. Early in the morning of November 19, 1956 decedent was found dead in the seat of a truck in the garage. The truck motor was running and its heater was on. The door of the garage was closed. It was a cold morning. Decedent's death was due to carbon monoxide poisoning. The grader had been removed by the decedent (he was the only person having a key to it) from the job site six miles away and was standing in front of the

garage. This was discovered some hour and one half before the decedent was expected to begin work that day; and the presence of the grader there led to the discovery of the body. The board has found that the presumptions attach to the decedent's death; that it was accidental and occurred in the course of employment. That the death was accidental could readily be found. The coldness of the weather would justify the turning on of the motor and the heater in the garage; and the presumptions of the statute are strongly against suicide. The main problem in the case is whether this accident occurred so early in the morning and so much before the decedent's expected hour to begin work that it be deemed not in the course of employment. But this is not a case where an employee merely arrives too early and waits. It could be found that decedent came early to make some adjustment in the grading machine; or to obtain oil for it and felt it was necessary both to do that well before the usual time of work arrived and to take it to the vicinity of the employer's garage to service it. If this was possible, and reasonably to be inferred, decedent could have been found within the scope of employment. The fact decedent had keys to a place in which supplies and equipment related to the functioning of a grader were stored, and also had the only key to the grader, which itself was mobile, indicate that a finding that he was there in the interest of the employer and hence in the course of employment was warranted. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.